1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AARON HUDSON,                          No.  2:20-cv-0412 DB P

12                  Plaintiff,

13        v.                                ORDER DIRECTING SERVICE AND
                                            FINDINGS AND RECOMMENDATIONS
14   RONALD A. LAWRENCE, et al.,            RECOMMENDING DISMISSAL OF SOME
                                            CLAIMS
15                  Defendants.

16

17          Plaintiff is detained or confined at RCCC, a Sacramento County Jail facility, and proceeds

18   pro se in this action with claims arising from his arrest in the City of Citrus Heights. Plaintiff

19   seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule

20   302 pursuant to 28 U.S.C. § 636(b)(1).

21          On November 12, 2020, the court screened plaintiff's First Amended Complaint (ECF No.

22   5) and gave plaintiff the option of proceeding on that complaint, as screened, or filing an

23   amended complaint attempting to cure the deficiencies identified therein. (ECF No. 6.) Plaintiff

24   filed a Second Amended Complaint on December 14, 2020. (ECF No. 9.) In addition, on

25   February 16, 2021, plaintiff filed a request to submit corrected pages for pages 5 and 6 of the

26   Second Amended Complaint. (ECF No. 10.)

27          Plaintiff is informed that piecemeal amendments or supplements to pleadings are not

28   generally allowed. Local Rule 220 requires that an amended complaint be complete in itself

                                                  1

without reference to any prior or subsequent pleading. Since the two proposed corrected pages do not change the substance of the same pages in plaintiff's Second Amended Complaint, however the request will be granted on this occasion.

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

**II.      Pleading Standards**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a claim, however, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.      Allegations in the Second Amended Complaint**

Plaintiff's Second Amended Complaint seeks damages and names as defendants Citrus Heights Chief of Police Ronald A. Laurence, Officer Kevin Spencer, and Officer Daniel Tsverov. Like the prior complaint, the Second Amended Complaint states a cognizable Fourth Amendment excessive force claim against Officer Spencer, a Fourth Amendment failure to protect claim

1  against Officer Tsverov, and a Fourteenth Amendment claim for falsifying a police report against

2  Officer Spencer.

3         The allegations in plaintiff's Second Amended Complaint are very similar to the

4  allegations in the prior complaint, with only a few changes apparent to the court: (1) the Second

5  Amended Complaint now alleges the grievance plaintiff filed at Sacramento County Main jail has

6  been exhausted (ECF No. 9 at 7); (2) the Second Amended Complaint adds additional facts to the

7  failure to protect claim against Officer Tsverov (ECF No. 9 at 10); and (3) the Second Amended

8  Complaint states Officer Spencer's false accusations in the police report implicated plaintiff's

9  rights under the First Amendment (ECF No. 9 at 9).

10        These changes fail to cure any of the deficiencies identified in the court's prior screening

11 order as to the claims found non-cognizable therein. (See ECF No. 6.) In addition, the Second

12 Amended Complaint still fails to state a plausible claim that Chief of Police Lawrence

13 participated in or directed any violations, or knew of any violations and failed to act to prevent

14 them. Since liability cannot be imposed on supervisory personnel under the theory of respondeat

15 superior, the Second Amended Complaint fails to state a claim against Chief of Police Lawrence.

16 See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

17     **IV.**    **Conclusion**

18        It does not appear the deficiencies set forth in the court's prior screening order (ECF No.

19 5) can be cured with further amendment. Plaintiff's Second Amended Complaint states a

20 cognizable Fourth Amendment excessive force claim against Officer Spencer, a Fourth

21 Amendment failure to protect claim against Officer Tsverov, and a Fourteenth Amendment claim

22 for falsifying a police report against Officer Spencer. Accordingly, the court will direct service of

23 process on the cognizable claims, and the undersigned will recommend that the remaining claims

24 and defendant Lawrence be dismissed.

25        IT IS HEREBY ORDERED that:

26     1.  The Clerk of the Court shall randomly assign a district judge to this case.

27     2.  Plaintiff's request to submit two corrected pages pertaining to the Second Amended

28           Complaint (ECF No. 10) is granted.

3.   Service of the Second Amended Complaint is appropriate for the following defendants: Officer Kenneth Spencer and Officer Daniel Tsverov.

4.   The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet, and a copy of the Second Amended Complaint filed December 14, 2020 (ECF No. 9.).

5.   Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

a.   The completed, signed Notice of Submission of Documents;

b.   One completed summons;

c.   One completed USM-285 form for each defendant listed in number 1 above; and

d.   Three copies of the endorsed Second Amended Complaint filed December 14, 2020.

6.   Plaintiff shall not attempt to effect service of the Second Amended Complaint on defendants or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4, without payment of costs.

In addition, IT IS HEREBY RECOMMENDED that:

7.   Except for the excessive force claim against Officer Spencer, the failure to protect claim against Officer Tsverov, and the falsified police report claim against Officer Spencer, the other claims in plaintiffs Second Amended Complaint and defendant Chief of Police Ronald A. Lawrence be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge' s Findings and Recommendations." The parties are advised that failure to file

objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 5, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB7
DB/Orders/Prisoner.Civil Rights/huds0412.scrnSAC.f&rs

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    AARON HUDSON,                              No.  2:20-cv-0412 DB P

11              Plaintiff,

12         v.                                    NOTICE OF SUBMISSION OF
                                                 DOCUMENTS
13    RONALD A. LAWRENCE, et al.,

14              Defendants.

15

16
          Plaintiff hereby submits the following documents in compliance with the court's order
17
      filed _____:
18
                _____      completed summons form
19
                _____      completed USM-285 forms
20
                _____      copies of the December 14, 2020
21
                            Second Amended Complaint
22
      DATED:
23

24

25
                                                _____
26                                              Plaintiff

27

28
                                              1