UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON HUDSON, | No. 2:20-cv-0412 TLN DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RONALD A. LAWRENCE, et al., | |
| Defendants. | |

Plaintiff's motion for summary judgment is before the court. (ECF No. 26.) For the reasons set forth, the undersigned will recommend the motion be denied without prejudice to the filing of a new motion on or before the deadline for filing dispositive motions. In any new motion for summary judgment, plaintiff shall comply with the requirements of Federal Rule of Civil Procedure 56 and Local Rule 260 as set forth herein.

**I. PROCEDURAL BACKGROUND**

On April 6, 2021, the court screened plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and found it stated a claim under the Fourteenth Amendment against Officer Spencer for falsifying a police report, a Fourth Amendment excessive force claim against Officer Spencer, and a Fourth Amendment failure to protect claim against Officer Tsverov. (ECF No. 13.) Pursuant to the court's order signed on May 20, 2021, this case proceeds only on those claims. (ECF No. 18.)

On August 5, 2021, plaintiff filed a single-page motion for summary judgment. (ECF No. 26.) Plaintiff has submitted exhibits in support of the motion. (ECF No. 19.) Defendants have filed an opposition to the motion. (ECF No. 27.)

**II. LEGAL STANDARDS**

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to obtain summary judgment, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

**III. ALLEGATIONS IN THE SECOND AMENDED COMPLAINT**

On March 6, 2018, in Citrus Heights, California, Officer Spencer and Officer Tsverov approached plaintiff and plaintiff's friend asking whether they had seen anyone with fireworks. Defendants asked plaintiff for identification. Plaintiff alleges they were approached and

questioned only because of their race and the neighborhood. Officer Spencer then commenced a probation search on plaintiff and in doing so, used excessive force, even as plaintiff was complying with Officer Spencer's directives. Officer Spencer pushed plaintiff to the ground, punched him in the head several times, and pressed a forearm on the back of his neck, causing him to have difficulty breathing. Officer Tsverov witnessed the incident and failed to intervene. Plaintiff was injured as a result of the force used. Following plaintiff's arrest, Officer Spencer drafted a falsified police report that accused plaintiff of resisting arrest. Officer Spencer then made false statements at the preliminary hearing.[1]

**IV. DISCUSSION**

Plaintiff's motion for summary judgment consists of a summary request stating as follows: "Plaintiff request motion for summary judgment[.]" (ECF No. 26.) The motion is accompanied by exhibits, which consist of a redacted partial transcript from the preliminary hearing in plaintiff's criminal case and documents from the Citrus Heights Police Department including a response to plaintiff's citizen's complaint, redacted witness statement summaries, and redacted portions of an incident report. (ECF No. 19.)

In opposition to the motion, defendants argue plaintiff's motion should be denied as procedurally and substantively deficient because it does not comply with Rule 56 of the Federal Rules of Civil Procedure or Local Rule 260, does not submit admissible evidence, and does not show there is no genuine dispute of material fact. Defendants note plaintiff does not identify which claim or claims he seeks to have adjudicated, make any legal argument, or make specific citations to the exhibits filed. Defendants argue plaintiff has not, as a result, carried his evidentiary burden and ask the court to deny the motion for summary judgment. (ECF No. 27.)

Rule 56(c) of the Federal Rules of Civil Procedure provides, as to "Procedures":

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

---

[1] The verified allegations in plaintiff's second amended complaint constitute evidence where they are based on his personal knowledge of facts admissible in evidence. Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004). This summary of allegations is included for convenience but should not be viewed as a ruling that the allegations are admissible.

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In addition, Local Rule 260 requires that a motion for summary judgment "be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any… document relied upon to establish that fact." E.D. Cal. Local Rule 260(a).

Pro se litigants must follow the same rules of procedure that govern other litigants. See, e.g., American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir.

5

2000). However, the Ninth Circuit has repeatedly reaffirmed the principal that pro se prisoner litigants are entitled to leniency, particularly in civil rights cases. E.g., Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) ("courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly"); Pouncil v. Tilton, 704 F.3d 568, 574-75 (9th Cir. 2012) (construing pro se complaints liberally protects the rights of pro se litigants to self-representation and meaningful access to the courts, which is particularly important in civil rights cases); Woods v. Carey, 684 F.3d 934, 938-40 (9th Cir. 2012) (recognizing hardships faced by prisoners proceeding pro se).

To the extent possible, therefore, the court should endeavor to resolve a pro se plaintiff's motion for summary judgment on its merits. However, the court agrees with defendants that in this instance plaintiff's motion is deficient to the extent that it cannot be resolved substantively.

Plaintiff's motion fails to "identify[ ] each claim or defense—or the part of each claim or defense—on which summary judgment is sought," a most basic requirement for requesting summary adjudication. See Fed. R. Civ. P. 56(a). He also has not asserted facts, supported by evidence, to succeed on his claims under the Fourth and Fourteenth Amendments. Plaintiff offers as evidence the allegations in his verified second amended complaint and exhibits to the extent they may be admissible, but he does not cite to any specific portion of his complaint or these exhibits in support of his motion. Under these circumstances, the court cannot make a finding that plaintiff has "affirmatively demonstrate[d] that no reasonable trier of fact could find other than for" him. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

A moving party's failure to separately enumerate the proffered undisputed facts in a motion for summary judgment increases the burdens of the responding party and the court unnecessarily and significantly. In fact-specific cases such as this case, the court is disinclined to overlook a failure to submit a separately enumerated Statement of Undisputed Facts with citations to the evidence relied upon, particularly where it does not appear the moving party has made any attempt to comply with Federal Rule of Civil Procedure 56 or Local Rule 260.

Plaintiff's current motion for summary judgment is deficient. The undersigned will recommend it be denied without prejudice. Given the early stage of these proceedings, plaintiff

6

should not be precluded from filing a timely motion for summary judgment that complies with the applicable rules on or before the deadline for filing dispositive motions, which is currently February 18, 2022.

## V. CONCLUSION AND RECOMMENDATION

In accordance with the above, IT IS RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 26) be DENIED without prejudice, and that plaintiff be granted leave to refile a timely motion for summary judgment that conforms to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 260

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
huds0412.msj.pl

7